IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARVIN PINEDA-AGUILAR § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:26-CV-584-E-BW | |
| § | | |
| SCARLET GRANT, Warden, § | | |
| Cimarron Correctional Facility, et al., § | | |
| Respondents. § | Referred to U.S. Magistrate Judge[1] | |

# MEMORANDUM OPINION AND ORDER OF TRANSFER

On February 23, 2026, Petitioner Marvin Pineda-Aguilar, a person detained by immigration authorities, filed an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 2 ("Pet.").) Petitioner has paid the applicable fee. Petitioner alleges that he is detained at the Cimarron Correctional Facility in Cushing, Oklahoma. (Pet. ¶ 1.) Petitioner names several officials as respondents in this action: Scarlet Grant, Warden of the Cimarron Correctional Facility; Robert Cerna, Field Office Director for U.S. Immigration and Customs Enforcement ("ICE"); James Percival, Chief Counsel for ICE; Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Attorney General Pam Bondi.

Petitioner alleges that venue is proper in the Northern District of Texas because it is "the judicial district in which Respondent is located and in the ICE

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management. (*See* Dkt. No. 1.)

district where Mr. Pineda-Aguilar is being detained." (Pet. ¶ 3.)[2] Petitioner alleges and provides verification, however, that he is detained in another district. (*Id.* ¶ 1 & Exh. A.)

Generally, "[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district in which the prisoner is confined." *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011); *see also Lee v. Wetzel*, 244 F.3d 370, 374 (5th Cir. 2001) ("[T]he court issuing the writ of habeas corpus must have jurisdiction over the petitioner or his custodian."). Without jurisdiction over the petitioner or his custodian, "the court has no authority to direct the actions of the restraining authority." *Lee*, 244 F.3d at 374.  This Court may raise the issue of venue sua sponte.  *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

"'[I]n challenges to present physical confinement,' the United States Supreme Court has 'reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" *Torres Medrano v. Noem*, No. 3:25-CV-3495-E-BN, 2025 WL 3706952, at *1 (N.D. Tex. Dec. 22, 2025) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 439-40 (2004)).  This has been referred to as the "immediate-custodian rule."  *See id.*  Under this rule,

> [t]here is generally only one proper respondent to a given prisoner's habeas petition, and it is the person who has the immediate custody of the party detained.  That precept flows from the federal habeas statute, which provides that the writ shall be directed to the person having

---

[2] Petitioner does not identify the Respondent to which he refers.

> custody of the petitioner. Those statutory provisions, in turn, reflect the nature of the Great Writ, which acts not upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody. For habeas challenges concerning present physical confinement, therefore, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official. In such cases, only the district court in the district of confinement has statutory jurisdiction.

*Aguilar v. Johnson*, No. 3:25-CV-1904-K-BN, 2025 WL 2099201, at *1 (N.D. Tex. July 25, 2025) (quoting *J.G.G. v. Trump*, 786 F. Supp. 3d 37, 69 (D.D.C. 2025) (cleaned up)).

Both Petitioner and his custodian are in Cushing, Oklahoma. He establishes no basis upon which the Court should forego the immediate-custodian rule, nor does he otherwise establish that the Court may exercise jurisdiction over the proper respondent.

A court is authorized to transfer a case filed in an improper district or division "to any district or division in which [the case] could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631. "And a magistrate judge may properly order that a case be transferred to another federal district . . . as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Torres Medrano*, 2025 WL 3706952, at *2.

Cimarron Correctional Facility is located in Payne County, Oklahoma, which lies in the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). Accordingly, this action will be **TRANSFERRED** to the United States District Court for the Western District of Oklahoma under §§ 1406 and 1631 **21 days from the date this order is entered on the docket**, *see* N.D. Tex. L. Civ. R. 62.2, during which time any party

3

may file an objection to United States District Judge Ada Brown **within 14 days** after being served with a copy of this order, *see* Fed. R. Civ. P. 72(a).

If an objection is filed, this order of transfer is stayed pending further order of the Court. If, however, Petitioner files a notice manifesting an intent to waive the 14-day period in which to object to the order of transfer, the Clerk of Court may transfer this case to the Western District of Oklahoma forthwith.

**SO ORDERED** on February 25, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE